**UNITED STATES of America, Plaintiff**

**v.**

**ONE ASSORTMENT OF SEVENTY-THREE FIREARMS, Defendant**

**No. CIV. 04–188–P–C.**

United States District Court,
D. Maine.

Jan. 5, 2005.

---

Donald E. Clark, Office of the U.S., Attorney, District of Maine, Portland, ME, for USA, Plaintiff.

Richard S. Berne, Berne & Lafond, Paul M. Boots, Paul M. Boots, P.A., Portland, ME, for Stanley Joyce, Faith Hope Charity, Claimants.

## ORDER GRANTING JOINT MOTION TO STAY PROCEEDINGS PURSUANT TO 18 U.S.C. § 981(g)

GENE CARTER, Senior District Judge.

Before the Court for action at this time is the joint Motion of the parties herein seeking the Court's Order staying all further proceedings in the above-entitled matter pursuant to Title 18 United States Code § 981(g) for a period of ninety (90) days. The statute reads as follows:

(1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

(2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that—

(A) the claimant is the subject of a related criminal investigation or case;

(B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and

(C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

(3) With respect to the impact of civil discovery described in paragraphs (1) and (2), the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

(4) In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay

is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 United States Code § 981(g)..

The Court finds that the subject criminal investigation and this civil forfeiture case arise out of the same facts and circumstances and are clearly related to each other. The criminal investigation is ongoing, and the parties, witnesses, facts, and circumstances involved in the two proceedings are likely to be the same. Further, civil discovery will, in all likelihood, adversely affect the ability for the Government to conduct the related criminal investigation because it will subject the Government's criminal investigation to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding. Both claimants in this civil forfeiture action appear to have standing to contest the forfeiture because the firearms were seized from their residence and many of the firearms were purchased by claimant Charity. It further appears that because both claimants are the targets of the related criminal investigation, the continuation of this civil forfeiture proceeding will burden the claimant's rights against self-incrimination in the related criminal proceeding. Finally, a protective order cannot be imposed as an alternative to a stay because the effect of such a protective order would be to allow the claimants' to pursue broad civil discovery while the Government would substantially be unable to do so.

Accordingly, it is hereby **ORDERED** that the Joint Motion to Stay Proceedings herein be, and it is hereby, **GRANTED,** and it is **FURTHER ORDERED** that all proceedings herein be, and are hereby **STAYED** for a period of ninety (90) days from the date of this Order.